THE GARTH ESTATES, Respondent, *v.* BRONX PARKWAY
COMMISSION, Appellant.

Second Department, March 16, 1917.

Practice — suit in equity to reform deed, etc. — claim of adverse title by
defendant — when no right to jury trial.

A complaint which seeks the reformation of a referee's deed upon the
ground of mistake, with allegations that the defendant had notice of
the plaintiff's title to lands, and which also seeks to perpetuate testi-
mony and asks an injunction against the defendant's entry or commis-
sion of waste on lands, states a cause in equity, and hence the defendant's
claim of adverse title does not entitle it to a jury trial.

As such suit is not one to determine a claim to real property under the
provisions of the Code of Civil Procedure, but has its sanction in the
general jurisdiction of the court of equity, section 1642 of the Code,
making the procedure the same as in an action of ejectment where the
defendant claims an estate, has no application.

APPEAL by the defendant, Bronx Parkway Commission,
from an order of the Supreme Court, made at the Westchester
Special Term and entered in the office of the clerk of the county
of Westchester on the 16th day of February, 1917, denying
defendant's motion to strike this case from the Special Term
calendar and for a jury trial.

*Moses Ely* [*Theodosius F. Stevens* with him on the brief],
for the appellant.

*Frederick M. Czaki* [*Joseph S. Wood* and *Marion Erwin*
with him on the brief], for the respondent.

PER CURIAM:

This complaint is not one brought under the Code provision
(§ 1638 *et seq.*) for determination of a claim to real property.
Averring mistake and asking to reform the referee's deed, with
its charge that through its negotiation to insure its title defend-
ant received notice of plaintiff's title; also the relief sought to
perpetuate testimony, with the remedy by injunction against
defendant's entry or commission of waste on the land — all
clearly state a case for equitable relief. Hence defendant's

claim of adverse title did not take the trial to a jury term. The provision (Code Civ. Proc. § 1642) that after defendant claims an estate " the subsequent proceedings, including the trial, judgment and execution, are the same as if it was an action of ejectment," does not apply to this suit, which does not depend on the Code, but has its sanction in the general jurisdiction of a court of equity.

The order denying defendant's motion to strike the cause from the Special Term calendar is, therefore, affirmed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order denying defendant's motion to strike the cause from the Special Term calendar affirmed, with ten dollars costs and disbursements.